IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02711-BNB

KEITH FRAZIER,

    Plaintiff,

v.

ARISTEDES ZAVARAS, Executive Director, CDOC,
REED BERNT, Mental Health Employee, KCCC,
SANDRA BROWN, Mailroom Employee, BCCF,
R. PRATHER, Mailroom Employee, BCCF,
ELINA ACEVES, Mailroom Employee, BCCF,
SUE BINDER, Facility Reading Material Committee/Mental Health, BCCF,
BARBRA MONROE, Facility Reading Material Committee/Mental Health, BCCF,
TIM KELLY, Facility Reading Material Committee/Mental Health, BCCF,
JUAN RAMIREZ, Facility Reading Material Committee/"STG" Coordinator, BCCF,
STEVEN BROWN, SR., Facility Reading Material Committee/Investigator, BCCF,
JAN BRYANT, Facility Reading Material Committee Chair/Assistant Warden, BCCF,
BRIGHAM SLOAN, Warden, BCCF,
STEVEN BROWN, JR., Assistant Warden, BCCF,
COSMOS GALLEGOS, Warden Designee, BCCF,
TERESA REYNOLDS, Central Reading Committee Chair/Office of Correctional Legal
    Services, CDOC,
BURL McCULLAR, Central Reading Committee/"SOTMP," CDOC,
KIM BIECKER, Central Reading Committee/"Faith and Citizens," CDOC,
JOHN BRADBURN, Central Reading Committee/"IG Office," CDOC,
GEORGE DUNBAR, Central Reading Committee/Warden, CDOC,
SUSAN JONES, Central Reading Committee/Warden, CDOC,
STEVE HAGER, Central Reading Committee/Warden, CDOC,
ANNA COOPER, Central Reading Committee/Legal Services' Designee, CDOC,
JOHN McGILL, Central Reading Committee/"SOTMP" Designee, CDOC,
RICHARD LINS, Central Reading Committee/"SOTMP" Designee, CDOC,
CHARLES SANCHEZ, Central Reading Committee/"Faith and Citizens" Designee,
    CDOC,
DAVE ZUPAN, Central Reading Committee/Warden Designee, CDOC,
KEVIN MILYARD, Central Reading Committee/Warden Designee, CDOC,
DIRECTOR OF PRISONS, CDOC,
JOSIE LOPEZ, Mailroom Employee, BCCF,
JANA GARCIA, Mailroom Employee, BCCF,
M. MASTER, Mailroom Employee, BCCF,
CHIEF OF CLINICAL SERVICES, CDOC,

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**DEC 10 2010**

**GREGORY C. LANGHAM**
                   CLERK

SERGIO LOPEZ, Case Manager, BCCF, and
LARRY COX, Chief of Security, BCCF,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Keith Frazier, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado.  Mr. Frazier initiated this action while he was incarcerated at the Bent County Correctional Facility by filing *pro se* a complaint pursuant to 42 U.S.C. § 1983 (Doc. #2) alleging that prison officials were violating his rights under the United States Constitution.  On December 1, 2010, Mr. Frazier filed an amended complaint (Doc. #9).  However, the amended complaint does not include any specific claims or allegations and merely refers to the original complaint previously filed.  Therefore, the Court will consider only the original complaint.

The court must construe the complaint liberally because Mr. Frazier is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Frazier will be ordered to file a second amended complaint.

The court has reviewed the complaint and has determined that the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow

2

the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Frazier fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Although Mr. Frazier appears to be asserting a number of claims in this action, he sets forth only one numbered claim in the complaint, which he numbers claim two, and he presents one lengthy factual narrative in support of his claim two. If Mr. Frazier truly intends to assert a number of separate and distinct claims for relief in this action, he should take care to specify, clearly and concisely, what those separate and distinct claims are and against which Defendants he is asserting each of his claims.

The court finds that the complaint also does not include a short and plain statement of Mr. Frazier's claims showing that he is entitled to relief because Mr.

3

Frazier includes numerous pages of repetitive and unnecessary factual allegations regarding thirty-three instances when he was denied various issues of three magazines to which he subscribes because of the content of those issues. Repeating what are essentially the same facts thirty-three separate times does not produce a concise statement of the claims being asserted. As a result, the court finds that the complaint is unnecessarily and excessively long. Mr. Frazier also includes numerous paragraphs of legal argument that are unnecessary to state a claim and contribute to the excessive length of the complaint.

For these reasons, Mr. Frazier will be ordered to file a second amended complaint if he wishes to pursue his claims in this action. Mr. Frazier is advised that, in order to comply with Rule 8, he must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Furthermore, for the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Therefore, Mr. Frazier should take care to ensure that his second amended complaint provides a clear and concise statement of the claims he is asserting in this action. Finally, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Frazier file, **within thirty (30) days from the date of this**

4

**order**, a second amended complaint that complies with this order.  It is

FURTHER ORDERED that the clerk of the court mail to Mr. Frazier, together with a copy of this order, two copies of the following form: Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Frazier fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED December 10, 2010, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 10-cv-02711-BNB

Keith Frazier
Prisoner No. 114542
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on December 10, 2010.

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk