**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-02711-CMA-KMT

KEITH FRAZIER

      Plaintiff,

v.

ARISTEDES ZAVARAS, Executive Director, CDOC,
REED BERNT, Mental Health Employee, KCCC,
SONDRA BROWN, Mailroom Employee, BCCF,
R. PRATHER, Mailroom Employee, BCCF,
ELINA ACEVES, Mailroom Employee, BCCF,
SUE BINDER, Facility Reading Material Committee/Mental Health, BCCF,
BARBRA MONROE, Facility Reading Material Committee/Mental Health, BCCF,
TIM KELLY, Facility Reading Material Committee/Mental Health, BCCF,
JUAN RAMIREZ, Facility Reading Material Committee/"STG" Coordinator, BCCF,
STEVEN BROWN, SR., Facility Reading Material Committee Chair/Investigator, BCCF,
JAN BRYANT, Facility Reading Material Committee Chair/Assistant Warden, BCCF,
BRIGHAM SLOAN, Warden, BCCF,
STEVEN BROWN, JR., Assistant Warden, BCCF,
COSMOS GALLEGOS, Warden Designee, BCCF,
TERESA REYNOLDS, Central Reading Committee Chair/Office of Correctional Legal
      Services, CDOC,
BURL McCULLAR, Central Reading Committee/"SOTMP," CDOC,
KIM BIECKER, Central Reading Committee/"Faith and Citizens," CDOC,
JOHN BRADBURN, Central Reading Committee/"IG Office," CDOC,
GEORGE DUNBAR, Central Reading Committee/Warden, CDOC,
SUSAN JONES, Central Reading Committee/Warden, CDOC,
STEVE HAGER, Central Reading Committee/Warden, CDOC,
ANNA COOPER, Central Reading Committee/Legal Services' Designee, CDOC,
JOHN McGILL, Central Reading Committee/"SOTMP" Designee, CDOC,
RICHARD LINS, Central Reading Committee/"SOTMP" Designee, CDOC,
CHARLES SANCHEZ, Central Reading Committee/"Faith and Citizens" Designee,
      CDOC,
DAVE ZUPAN, Central Reading Committee/Warden Designee, CDOC,
KEVIN MILYARD, Central Reading Committee/Warden Designee, CDOC,
DIRECTOR OF PRISONS, CDOC,
JOSIE LOPEZ, Mailroom Employee, BCCF,
JANA GARCIA, Mailroom Employee, BCCF,
M. MASTER, Mailroom Employee, BCCF,
CHIEF OF CLINICAL SERVICES, CDOC,
SERGIO LOPEZ, Case Manager, BCCF, and
LARRY COX, Chief of Security, BCCF,

      Defendants.

## ORDER DENYING MOTION FOR RECUSAL

This matter is before the Court on Plaintiff's Motion for Recusal.  (Doc. # 68.)
For the following reasons, Plaintiff's Motion is denied.

A judge "shall disqualify himself in any proceeding in which his impartiality might
reasonably be questioned." 28 U.S.C. § 455(a).  The goal of this provision is to avoid
even the appearance of impropriety.  *See Liljeberg v. Health Servs. Acquisition Corp.*,
486 U.S. 847, 860 (1988).  Pursuant to § 455(a), a court is not required to accept all
factual allegations as true, "and the test is whether a reasonable person, knowing all the
relevant facts, would harbor doubts about the judge's impartiality."  *Glass v. Pfeffer*, 849
F.2d 1261, 1268 (10th Cir. 1988) (internal quotations omitted).  The standard is wholly
objective, and the inquiry is limited to outward manifestations and reasonable inferences
drawn therefrom.  *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Subsection (b) of § 455 sets forth more particularized situations in which a judge
must disqualify herself, *see Liljeberg*, 486 U.S. at 871, none of which applies to the
instant action.  Plaintiff has made no showing that reasonably questions this Court's
impartiality.  Instead, Plaintiff has a "gut feeling" that this Court may possibly be
prejudiced against him based on the Court's rulings in previous actions that he has
brought.[1]  *See Frazier v. Ortiz*, No. 07-cv-02131, 2010 WL 924254 (D. Colo. Mar. 10,
2010) (granting summary judgment in favor of defendants and dismissing the case with
prejudice); *Frazier v. People of State of Colo.*, No. 08-cv-2427, 2010 WL 2844080 (D.

---

[1]  Plaintiff also notes that this is the fourth time that he has received the same
combination of Magistrate Judge/District Judge.  This is explained by the Local Rules,
which provide that when a *pro se* plaintiff filing a new case already has a case pending
or has had a case terminated within 12 months of the new filing, the new case shall be
assigned to the same district judge that handled the earlier case.  D.C.COLO.LCivR
40.1.

Colo. July 16, 2010) (denying application for writ of habeas corpus for lack of subject

matter jurisdiction).  A litigant's disagreement with judicial rulings is insufficient to

demonstrate that disqualification is appropriate pursuant to § 455(a) or (b).[2]  *See Liteky*

*v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never

constitute a valid basis for a bias or partiality motion.").

     Accordingly, Plaintiff's Motion (Doc. # 68) is DENIED.

     DATED:  July __15__, 2011

                                       BY THE COURT:

                                      _____

                                      CHRISTINE M. ARGUELLO
                                      United States District Judge

---

[2] The Court also notes that its orders have been upheld by the Tenth Circuit on appeal.  *See Frazier v. Ortiz*, No. 10-1133, 2011 WL 1110648 (D. Colo. Mar. 28, 2011) (affirming this Court's grant of summary judgment for defendants); *Frazier v. Colo.*, 405 F. App'x, 276 (10th Cir. 2010) (denying certificate of appealability of this Court's denial of Plaintiff's application for writ of habeas corpus).